SLATER v. BANWELL.

*(Circuit Court, N. D. Ohio, E. D. April 1, 1892.)*

1. DISCOVERY—INTERROGATORIES—REFUSAL TO ANSWER.
   A mere statement in argument by defendant's counsel of a reason for declining to answer an interrogatory is not sufficient; the facts which entitle him to protection from answering must be fully stated in the answer.

2. SAME.
   Notwithstanding plaintiff's statutory right to examine defendant as a witness upon all matters in issue, the court will require defendant to answer interrogatories within proper limits, because evidence thus put in the pleadings is of more advantage to the plaintiff than when contained in depositions.

In Equity. Suit by Jarvis A. Slater against James Banwell for infringement of a patent. Heard on exceptions to answer. Exceptions sustained.

*Hall & Fay*, for complainant.

*J. A. Osborne*, for defendant.

RICKS, District Judge. This case is before the court upon exceptions to the defendant's answer. Attached to the bill of complaint are 11 interrogatories, which the defendant is called upon to answer, and by an amendment to the bill a twelfth interrogatory is attached. The defendant answered all but the third and twelfth, and declined to answer them, on the ground that he was not compelled to do so under the law. The third interrogatory, to which the defendant declines to make answer, is as follows:

"Whether the defendant has, during said term of said patent, and within the United States or the territories thereof, made, used, or sold any machines for making semi-circular handles for sad-irons."

The twelfth interrogatory is:

"If interrogatory numbered three be answered 'Yes,' and if any one or more of interrogatories numbered four to eleven, inclusive, be answered 'Nay,' then what was, in full and in detail. the construction and operation of each and every machine referred to in the answer to said interrogatory numbered 3?"

The defendant, in the third clause of his answer, sets forth that he was in fact the original inventor of the principle set forth in complainant's bill, and that long prior to the time when complainant had knowledge of such invention the complainant and the defendant made a machine according to said invention, which machine was kept secret, and was to be used jointly for the benefit of both parties. The defendant says:

"The said machine, so built under said agreement, is the only machine ever built, so far as respondent knows, according to said invention, which machine is in the possession of the complainant, and is being operated by him, this respondent having no possession thereof, and having no control over said machine."

This is an admission on the part of the defendant that a machine was made by him in accordance with the invention set forth in complain-

ant's patent, but it does not answer fully the third interrogatory. Said interrogatory calls. upon him to state whether he made, used, or sold any machines for making semi-circular handles for sad-irons. An averment that the machine referred to in defendant's answer is the only machine made in pursuance to said invention is not an averment that it is the only machine made for making semi-circular handles for sad-irons.

The counsel for the defendant, in argument upon these exceptions, substantially stated that one reason for declining to answer said third interrogatory was that the defendant now has an application for a patent pending in the patent-office, and that under the statute he is not obliged to disclose the nature of that application or invention. But the mere statement of counsel in argument does not put the facts upon record in a way that the court can pass upon the legal question thus presented. I think the complainant is entitled to a full answer to his third interrogatory. I am disposed to encourage this method of discovering evidence in this sort of a case. While it is true that under existing statutes the complainant has a right to call upon the defendant as a witness, and examine him as to all matters in issue, and that this right in a large measure supersedes the original object which was the foundation of the practice of attaching interrogatories to bills, yet it does not entirely justify the court in declining to observe and enforce the original practice. By requiring the defendant to answer the interrogatories in proper form, and within proper limits, the evidence is put in the pleadings in a shape where it is of more advantage to the complainant than it would be in the shape of evidence in a deposition. If the defendant is protected in law from answering this interrogatory by any state of facts, he must fully state such facts in his answer as a reason for declining to cover fully the scope of the interrogatory propounded. The court can then, with these averments in this form, decide whether or not the defendant is protected in law from further disclosure. The exceptions are therefore sustained, and the defendant is given leave to file an additional answer to said interrogatories within 20 days.